IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE BESSIOS,

      **Plaintiff,**

v.                                                                                    Civ. No. 22-266 MV/JFR

PUEBLO OF POJOAQUE et al.,

      **Defendants.**

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court subsequent to its Order of Reference, filed June 8, 2022. Doc. 27. Therein, the undersigned referred Plaintiff's Opposed Motion to Remand ("Motion") (Doc. 22) to Magistrate Judge John F. Robbenhaar to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the District Court an ultimate disposition" and "submit to the District Judge assigned to this case an analysis, including findings of fact, if necessary, and recommended disposition." Doc. 27. On October 12, 2022, the Magistrate Judge submitted his Proposed Findings and Recommended Disposition ("PFRD"). Doc. 33. The Magistrate Judge recommended that the Court deny Plaintiff's Motion and exercise jurisdiction over the claims in Plaintiff's Complaint. *Id.* On November 25, 2022, Plaintiff objected to the PFRD. Doc. 36. Defendants[1] filed responses on December 30, 2022, and Plaintiff replied to those responses on

---

[1] Where necessary in the Court's analysis to identify Defendants with specificity, Defendants Pueblo of Pojoaque, Pojoaque Gaming, Inc., and Buffalo Thunder Development Authority are collectively referred to as "Tribal

January 27, 2023. Docs. 40, 41, 42, 43. Having considered Plaintiff's objections and conducted a de novo review, the Court **OVERRULES** the objections and **ADOPTS** the PFRD.

## BACKGROUND

Plaintiff worked as a Director of Player Development and Data Base Management at Tribal Defendants' casinos. Doc. 1-1 at 21-25, 27. Plaintiff began to suspect some data contained discrepancies, which led her to investigate. *Id.* at 31-32. Plaintiff's attempts to correct the errors she found were dismissed by her superiors. *Id.* at 31-33. Shortly thereafter, Plaintiff's employment was terminated. *Id.* at 35. According to Plaintiff, Tribal Defendants terminated her employment because of her investigation into misreported data perhaps constituting illegal actions on the part of Tribal Defendants. *Id.* at 36.

Plaintiff filed a 15-count Complaint against Defendants in the First Judicial District Court of Santa Fe County, New Mexico. *Id.* at 1; 41-105. In every count of Plaintiff's Complaint, she presents claims alleging violations of the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq*. and the Tribal-State Class III Gaming Compact ("Compact")[2] made effective by IGRA. *Id.* at 41-105. Tribal Defendants removed this action, invoking this Court's federal question and supplemental jurisdiction. Doc. 1 at 1-4. Gaming Defendants consented to removal. *Id.* at 5. As the basis for removal, Tribal Defendants stated that though Plaintiff pleads state-law claims, they "raise a substantial question of federal law sufficient to warrant removal." *Id.* at 2-3. Plaintiff filed the instant Motion, seeking remand and attorney fees and costs for improper removal, primarily on the basis that she only mentioned IGRA and the Compact in her

---

Defendants." Defendants SG Gaming Inc., f/k/a Bally Gaming Inc., and Scientific Games Corporation are collectively referred to as "Gaming Defendants."

[2]   2015 Tribal-State Class III Gaming Compact, N.M. Gaming Control Bd., https://www.nmgcb.org/gaming/tribal/tribal-compacts/ (last visited Feb. 8, 2023).

Complaint, which is insufficient for this Court to exercise jurisdiction over her claims. Doc. 22 at 11-14, 24-26.

In the PFRD, the Magistrate Judge recommended denying Plaintiff's Motion on the basis that the state-law claims in Plaintiff's Complaint are embedded with federal questions and thus subject to federal jurisdiction. Doc. 33 at 11. The Magistrate Judge noted that, as to all Counts in her Complaint, Plaintiff invokes IGRA and the Compact. *Id.* at 13. The Magistrate Judge further noted that, as to all Counts in her Complaint, Plaintiff alleges that her harms were caused by Class III Gaming and a Gaming Enterprise, as those terms are understood under the Compact. *Id.* at 13-14. The Magistrate Judge took care to highlight each instance that Plaintiff alleged specific violations of IGRA and the Compact in her Complaint. *Id.* at 14-15. Based on Plaintiff's allegations as pled, the Magistrate Judge concluded that

> Plaintiff has done more than merely mention IGRA and the Compact in her Complaint; rather, the wrongdoing she alleges is premised inseparably on IGRA and the Compact. Certainly, litigation of Plaintiff's allegations that Defendants' conduct violated tax reporting requirements under the Compacts will necessarily include an interpretation of the tax reporting requirements under the Compact.

*Id.* at 14. The Magistrate Judge further concluded that, based on Plaintiff's theory that she was a visitor as that term is used in the Compact, she raised a question of federal law in her Complaint:

> Plaintiff's choice to pursue a theory which necessarily demands that she satisfies the requirements of a visitor who incurred bodily injury or property damage as contemplated under the 2015 Compact presents an issue of interpretation of the meaning of this provision of the Compact; this, in turn, presents a question of federal law.

*Id.* at 16-17. Because the Magistrate Judge concluded that removal was proper, he recommended denying Plaintiff's request for attorney fees and costs. *Id.* at 18.

## ANALYSIS

Plaintiff raises three objections to the PFRD: (1) the Magistrate Judge conflated the potential defense of tribal sovereign immunity with a substantial federal question and pre-

3

emption; (2) the "mere mention" of IGRA and the Compact does not create federal jurisdiction; and (3) the Magistrate Judge "relie[d] on an inaccurate premise that neither party alleges Plaintiff attempted to use IGRA as a statute to authorize her lawsuit." Doc. 36 at 4-15.  In light of these objections, she also maintains that the Magistrate Judge should have entertained her request for attorney fees and costs.  *Id.* at 15.

Tribal Defendants respond by arguing that Plaintiff has indeed raised a substantial federal question because her claims are premised on IGRA and the Compact thereunder, such that her allegations—specifically, that Defendants' conduct violated IGRA and the Compact—will require interpretation of both, which is a task for a federal court.  Doc. 40 at 2-8.  Tribal Defendants also resist Plaintiff's request for attorney fees and costs.  *Id.* at 8.  Gaming Defendants join Tribal Defendants' response, and also make an argument for the exercise of supplemental jurisdiction.  Doc. 41 at 3-4.  Gaming Defendants further note that even if Tribal Defendants are dismissed from this litigation, the Court retains diversity jurisdiction over the matter.  *Id.* at 4-5.

Plaintiff replies to Tribal Defendants by reiterating her objections and stating that she "has repeatedly alleged that her claims arise out of [C]lass III gaming, and acts and omissions of all [D]efendants as to the function and use of [Gaming] Defendants' Tracking software on [C]lass III gaming machines."  Doc. 42 at 4-7.  She further asserts that her status as a "visitor," under the Compact, though she was an employee of Tribal Defendants, is "well-decided."  *Id.* at 8.  Plaintiff further asserts that, by retaining jurisdiction over this case, the Court would "call[] into question the correctness" of its prior rulings.  *Id.* at 11-12.  Plaintiff replies to Gaming Defendants by arguing against the exercise of supplemental jurisdiction and challenging Gaming Defendants' position with respect to diversity jurisdiction.  Doc. 43 at 5-8.

4

After setting forth the legal standard for review of the PFRD, the Court takes each of Plaintiff's objections in turn.

**Legal Standard**

The Court may refer dispositive motions to a magistrate judge for a recommended disposition. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Thereafter, the presiding judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [presiding] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court's de novo review of a magistrate judge's recommendation is not confined to the PFRD, but includes consideration of relevant record evidence. *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). To preserve an issue for de novo review by the Court or appellate review, objections to the recommendations of a magistrate judge must be both timely and specific. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party may not raise issues for the first time in objections. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**Objection One**

In her first objection, Plaintiff takes issue with the Magistrate Judge's application of *Muhammad v. Comanche Nation Casino*, 724 F. Supp. 2d 1268 (W.D. Okla. 2010). Doc. 36 at 4-10. Specifically, Plaintiff contends that *Muhammad* is inapposite because the "Tribal-State

Compact . . . at issue in *Muhammad* does not support the preemption argument as to the New Mexico Tribal-State Compact insofar as that Oklahoma Tribal-State Compact . . . did not contain a clear and unequivocal waiver of tribal immunity and consent to jurisdiction of state courts in tort claims." *Id.* at 4.  In short, Plaintiff argues that the Magistrate Judge erroneously concluded that Plaintiff's claims are subject to federal jurisdiction because, here, the Compact at issue contains a provision that expressly allows personal injury suits to be adjudicated in state court. *Id.* at 6-10.

The Magistrate Judge reasoned, and this Court agrees, that this distinction between the Compact in *Muhammad* and the Compact here is of no consequence.  As the Magistrate Judge noted, that while the Compact allows *visitors* who sue the Tribe for bodily injury and/or property damage to litigate their claims in state court, Plaintiff's status *as a visitor* is questionable, given that she was an employee of Tribal Defendants' casinos.[3]  *Id.* at 16-17.  This threshold question requires an interpretation of the relevant provision of the Compact, and thus presents a question of federal law.

Further, although Plaintiff undisputedly brings state-law tort claims, there are federal questions embedded within those claims.[4]  Specifically, Plaintiff alleges that the conduct of

---

[3]  The Court pauses to address Plaintiff's statement in her reply to Tribal Defendants that it is "well-decided" under New Mexico law that employees of tribal casinos qualify as visitors under the Compact. Doc. 42 at 8.  Plaintiff cites *Guzman v. Laguna Dev. Corp.*, 2009-NMCA-116, 147 N.M. 244, 219 P.3d 12, for the proposition that "employees [are] entitled to the same treatment as 'Visitors' under the . . . Compact waivers for tort claims not covered by workers' compensation." Doc. 42 at 8.  Contrary to Plaintiff's assertion, the New Mexico Court of Appeals did not hold so broadly in *Guzman*.  There, an employee of a tribal casino became intoxicated while on the clock at work. 2009-NMCA-116, ¶¶ 2-3.  After clocking out, he remained at work to speak to a supervisor about a promotion, then left in his vehicle and was the victim of a deadly single-vehicle accident. *Id.* ¶ 3.  His estate argued that he was a visitor under the Compact, such that the tribal casino's sovereign immunity was waived. *Id.* ¶ 5.  The New Mexico Court of Appeals did not rule on this question. *Id.* ¶¶ 17, 19.

[4]  Plaintiff's suggestion in her reply to Tribal Defendants that this Court's denial of her Motion "would call into question the correctness" of its ruling in *Mendoza v. First Santa Fe Ins. Servs.*, No. 19-CV-991, 2020 WL 4784806 (D.N.M. Aug. 18, 2020) is inaccurate. Doc. 42 at 9-11.  In *Mendoza*, this court granted a motion to remand a case concerning allegations that insurance companies unfairly denied the workers' compensation claims filed by three plaintiffs of a tribal casino. 2020 WL 4784806, at *1.  The Court rejected the defendants' assertion that federal enclave

6

Defendants giving rise to her state-law tort claims included violating IGRA and the Compact. *See Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1557 (10th Cir. 1997); *Pueblo of Santa Ana v. Nash*, 972 F. Supp. 2d 1254, 1262 (D.N.M. 2013).  Given the allegations in her Complaint, Defendants could not have committed the torts that Plaintiff alleges without violating IGRA and the Compact.  Plaintiff's first objection thus is overruled.

### **Objection Two**

On her second objection, Plaintiff reiterates her position that her Complaint does nothing more than "mere[ly] mention" IGRA and the Compact; in her view, this is insufficient to accord federal jurisdiction.  *Id.* at 10-12.  The Magistrate Judge explicitly concluded that Plaintiff did more than merely mention IGRA and the Compact in her Complaint.  Doc. 33 at 14.  Plaintiff argues that the Magistrate Judge simply got this wrong, despite the number of times that IGRA and the Compact are mentioned in her Complaint.  Doc. 36 at 11.  Without more, this is not an adequately developed objection.  *See One Parcel of Real Prop.*, 73 F.3d at 1060 ("Just as a complaint stating 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (internal quotation marks and citation omitted)); *see also Johnson v. Reyna*, Civ. No. 20-CV-459, 2021 WL 4305009, at *6 (D. Colo. Sept. 22, 2021) ("[A] statement that the magistrate judge was 'wrong' is not a specific objection.").  And the argument that Plaintiff does develop misses the mark, as explained below.

---

jurisdiction applied. *Id.* at *6. The Court further concluded that the case did not present a federal question because it was unclear what, if any, federal question was presented, the defendants did not show that a federal question was necessarily raised by the plaintiffs' claims, and it appeared that the defendants conflated a potential federal defense with a federal question. *Id.* at *7. In short, the Court held that the defendants did not "identify a federal question giving rise to jurisdiction in this Court, either on the face of [the p]laintiffs' [a]mended [c]omplaint or one upon which their right to relief necessarily depends." *Id.* This is not the case here. As the Magistrate Judge observed, Plaintiff has necessarily raised federal questions, because her allegations of wrongdoing require interpretations of federal law. Doc. 33 at 14-17.

Plaintiff again raises the fact that, under her theory, she was a visitor who incurred bodily injury and/or property damage at Tribal Defendants' casinos, "so as to fall under the waiver of tribal sovereign immunity and consent to state court" as contemplated under the Compact. Doc. 36 at 11. But the relevant question is not whether personal injury claims against Tribal Defendants can be adjudicated in state court, but rather whether the Defendants' alleged conduct, which underlies Plaintiff's tort claims, present a question of federal law.[5] This Court agrees with the Magistrate Judge that to prove her claims, Plaintiff will necessarily have to demonstrate that Defendants, through their conduct, violated the terms of IGRA and the Compact. For these reasons, this objection is overruled.

**Objection Three**

On her third objection, Plaintiff argues that the Magistrate Judge's conclusion that *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230 (10th Cir. 2003) is not supportive of her position for remand is erroneous. Doc. 36 at 12-15. Specifically, Plaintiff argues that *Hartman* is "on point" and that the Magistrate Judge "erroneously ignored" the other authority cited in her Motion. *Id.* at 13. Plaintiff also repeats that "the mere mention or presence of IGRA" does not create federal jurisdiction. *Id.* at 13-14.

---

[5] To the extent Plaintiff casts her case as one arising solely out of the operation of Class III gaming equipment in her reply to Tribal Defendants, the Court is not persuaded. Doc. 42 at 6-8. As noted by the Magistrate Judge, Plaintiff alleges that "she was an employee of Tribal Defendants who lost her job in retaliation for bringing to light potentially illegal conduct." Doc. 33 at 17. The illegal conduct she alleges includes not only problems with Gaming Defendants' software, but knowingly engaging in criminal conduct like tax evasion and improper revenue reporting— conduct that she claims violates a federal statute, IGRA. *Id.* at 14-15. This conduct is several steps removed from an errant ball from a roulette table hitting a patron's eye or a dysfunctional slot machine electrocuting a patron—the examples of accidents the Tenth Circuit has contemplated may permit jurisdiction shifting to state court, and those that Plaintiff cites in support of her position. Doc. 42 at 6-7 (quoting *Pueblo of Pojoaque v. Wilson*, ___ F. Supp. 3d ___, 2022 WL 3139089, at *5 (D.N.M. Aug. 5, 2022) (citation omitted)). By continuing to reiterate that she has pled state-law tort claims, Plaintiff does not address the basis of the Magistrate Judge's PFRD: whether her claims are embedded with a federal question such that this Court has subject matter jurisdiction.

*Hartman* stands for the principle that IGRA does not itself create a private right of action. *See* 319 F.3d at 1232-33. But this principle is not relevant here. And *Hartman* does not speak to the issue that is relevant here, namely whether a federal question is presented where Plaintiff bases her state law tort claims on allegations that Defendants' conduct violated IGRA and the Compact. This objection thus is overruled.

### Attorney Fees and Costs

Because the Court has not found any fault with the Magistrate Judge's PFRD and has overruled each of Plaintiff's objections, it need not address Plaintiff's position that the Magistrate Judge should have entertained her request for attorney fees and costs resulting from wrongful removal. As noted by the Magistrate Judge in the PFRD, Plaintiff is not entitled to attorney fees and costs under 28 U.S.C. § 1447(c) because she is not the prevailing party on her Motion. Doc. 33 at 18 (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005), and *Bonadeo v. Lujan*, No. 08-CV-812, 2009 WL 1324119, at *18 (D.N.M. Apr. 30, 2009)).

### CONCLUSION

Following de novo review, the Court finds no fault with the Magistrate Judge's PFRD. Therefore, Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's PFRD is **ADOPTED.**

Plaintiff's Motion is thereby **DENIED.** As such, Plaintiff is not entitled to an award of attorney fees and costs.

**IT IS SO ORDERED.**

_____
MARTHA VÁZQUEZ
Senior United States District Judge