IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATALIE BESSIOS,

        Plaintiff,

v.                                              No. 1:22-cv-00266-MV-JFR

PUEBLO OF POJOAQUE, POJOAQUE
GAMING, INC., BUFFALO THUNDER
DEVELOPMENT AUTHORITY,
BUFFALO THUNDER RESORT AND
CASINO, BUFFALO THUNDER CASINO,
CITIES OF GOLD CASINO, CITIES OF
GOLD CASINO HOTEL, BALLY GAMING
INC. d/b/a BALLY'S TECHNOLOGY, INC.,
SCIENTIFIC GAMES CORPORATION, ABC
CORP. I-X,
and JOHN/JANE DOE I-X,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion for Certification for Immediate Appeal Pursuant to 28 U.S.C. § 1292(B) ("Certification Motion") [Doc. 45], filed contemporaneously with Plaintiff's Memorandum of Law in Support of Motion for Certification for Immediate Appeal Pursuant to 28 U.S.C. § 1292(B) [Doc. 46]. The Court, having considered the Motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

In June 2018, Plaintiff Natalie Bessios accepted a job offer from Defendants Pueblo of Pojoaque, Pojoaque Gaming, Inc., and Buffalo Thunder Development Authority (collectively, the "Tribal Defendants"), and began working as a Director of Player Development and Data Base Management at Tribal Defendants' casinos. Doc. 1-1 at 21-25, 27. In that role, Plaintiff undertook

myriad job duties, including the performance of "database analysis to develop best prospect, upward migration, and churn predictive models," oversight of "database management to ensure the integrity and accuracy of information," development of "comprehensive periodic reports on database segmentation," management of "vendors necessary for completion of database marketing initiatives," participation "in the establishment of individual goals and implementation of procedures and performance standards to achieve those goals," and "reporting her work to the Director of Marketing." *Id.* at 27-28. Data analysis was conducted through use of a suite of software owned by Defendants SG Gaming Inc., f/k/a Bally Gaming, Inc., and Scientific Games Corporation (collectively, "Gaming Defendants"), which generated "flash reports." *Id.* at 29. These flash reports tracked "redemption of 'freeplay' promotional incentive credits" at Tribal Defendants' casinos. *Id.* at 30.

Plaintiff's analysis of flash reports led her to believe that "errors and unreconcilable discrepancies" existed therein. *Id.* at 31. Specifically, Plaintiff noted that freeplay promotional incentives were being treated as actual cash wagers, as if the user of freeplay had accrued true monetary loss by gambling currency. *Id.* at 31-32. In turn, customers received "mis[]leading and erroneous 'win/loss statements'" which documented freeplay promotional losses "as real losses as if real money had been gambled . . . rather than 'freeplay' promotional incentive credit with no monetary value." *Id.* Plaintiff decided to investigate this matter. *Id.* at 32.

Though Plaintiff attempted to rectify the discrepancies she uncovered and prevent future erroneous reporting, her concerns were rebuffed by her superiors. *Id.* at 31, 33. In November 2018, Plaintiff's employment with Tribal Defendants' casinos was terminated. *Id.* at 35. Plaintiff believes

that her termination was the result of her investigation into "improper revenue reporting discrepancies and potentially illegal conduct undertaken by Tribal Defendants." *Id.* at 36.

As a result of these events, on November 14, 2021, Plaintiff filed suit against Tribal Defendants and Gaming Defendants in the First Judicial District Court of Santa Fe County, New Mexico. *Id.* at 1. In her Complaint, Plaintiff alleges that the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.*, and the Tribal-State Class III Gaming Compact ("Compact," "Compacts," or "2015 Compact") made effective therefrom, are common to all her factual allegations. Doc. 1-1 at 6. Plaintiff asserts claims of wrongful termination, retaliatory discharge, defamation, negligent hiring, supervision, and retention, retaliation, tortious interference with contractual relations, respondeat superior and agency, spoliation, civil conspiracy, negligence, and negligence per se. Doc. 1-1 at 41-105.

On April 8, 2022, Tribal Defendants removed the instant action to this Court pursuant to 28 U.S.C. §§ 1131, 1441, and 1446, invoking federal question and supplemental jurisdiction. Doc. 1 at 1-4. Gaming Defendants consented to removal. *Id.* at 5. Tribal Defendants' *Notice of Removal* rests on Plaintiff's invocation of IGRA in her Complaint, and posits that, though Plaintiff brings claims under state law, the claims "raise a substantial question of federal law sufficient to warrant removal." *Id.* at 2-3.

On May 6, 2022, Plaintiff filed her Motion for Remand and Memorandum in Support Thereof ("Remand Motion"). Doc. 22.  In the Remand Motion, Plaintiff argued that this Court is devoid of jurisdiction to hear her claims, because her Complaint does not raise a federal question. *Id.* at 11-16. Specifically, Plaintiff characterized the invocation of IGRA in her Complaint as a "[m]ere reference" that does not permit the Court to exercise subject matter jurisdiction over any

3

of her claims. *Id.* at 11-14. It is her position that she pleads "purely state law claims that are not dependent on any determination of federal law for their validity." *Id.* at 12. Plaintiff sought remand of her case to state court and an award of attorney fees and costs based on improper removal. *Id.* at 24-26.

Pursuant to an Order of Reference filed on June 8, 2022, Doc. 27, Magistrate Judge John F. Robbenhaar entered his Proposed Findings and Recommended Disposition ("PFRD"). Doc. 33. In the PFRD, the Magistrate Judge recommended denying Plaintiff's Motion, reasoning that the state-law claims in Plaintiff's Complaint are embedded with federal questions and thus subject to federal jurisdiction.  Doc. 33 at 11.  The Magistrate Judge noted that, as to all Counts in her Complaint, Plaintiff invokes the IGRA and the Compact. *Id.* at 13.  The Magistrate Judge further noted that, as to all Counts in her Complaint, Plaintiff alleges that her harms were caused by Class III Gaming and a Gaming Enterprise, as those terms are understood under the Compact. *Id.* at 13-14.  The Magistrate Judge took care to highlight each instance that Plaintiff alleged specific violations of the IGRA and the Compact in her Complaint.  *Id.* at 14-15. Based on Plaintiff's allegations *as pled*, the Magistrate Judge concluded that:

> Plaintiff has done more than merely mention IGRA and the Compact in her Complaint; rather, the wrongdoing she alleges is premised inseparably on IGRA and the Compact.  Certainly, litigation of Plaintiff's allegations that Defendants' conduct violated tax reporting requirements under the Compacts will necessarily include an interpretation of the tax reporting requirements under the Compact.

*Id.* at 14.  The Magistrate Judge further concluded that, based on Plaintiff's theory that she was a visitor as that term is used in the Compact, she raised a question of federal law in her Complaint:

> Plaintiff's choice to pursue a theory which necessarily demands that she satisfies the requirements of a visitor who incurred bodily injury or property damage as contemplated under the 2015 Compact presents an issue of interpretation of the meaning of this provision of the Compact; this, in turn, presents a question of federal law.

4

*Id.* at 16-17. Because the Magistrate Judge concluded that removal was proper, he recommended denying Plaintiff's request for attorney fees and costs. *Id.* at 18.

On November 25, 2022, Plaintiff filed objections to the PFRD. Doc. 36. Plaintiff's objections rested on the following assertions: (1) the Magistrate Judge conflated the potential defense of tribal sovereign immunity with a substantial federal question and pre-emption; (2) the "mere mention" of the IGRA and the Compact does not create federal jurisdiction; and (3) the Magistrate Judge "relie[d] on an inaccurate premise that neither party alleges Plaintiff attempted to use IGRA as a statute to authorize her lawsuit." *Id.* at 4-15.

In an Order entered on February 22, 2023 ("February 2023 Order"), this Court overruled each of Plaintiff's objections. Doc. 44. Regarding her first objection, the Court rejected Plaintiff's argument that the Magistrate Judge erroneously concluded that Plaintiff's claims are subject to federal jurisdiction, explaining that the Magistrate Judge correctly reasoned that while the Compact allows *visitors* who sue the Tribe for bodily injury and/or property damage to litigate their claims in state court, Plaintiff's status *as a visitor* is questionable, given that she was an employee of Tribal Defendants' casinos, and that this threshold question requires an interpretation of the relevant provision of the Compact, and thus presents a question of federal law. This Court further noted that, although Plaintiff undisputedly brings state-law tort claims, there are federal questions embedded within those claims. Specifically, the Court explained that Plaintiff alleges that the conduct of Defendants giving rise to her state-law tort claims included violating the IGRA and the Compact and that, given these allegations, Defendants could not have committed the torts that Plaintiff alleges without violating the IGRA and the Compact.

As to her second objection, the Court rejected Plaintiff's (repeated) argument, made

without any support, that the Magistrate Judge simply got it wrong when he concluded that Plaintiff did more than merely mention the IGRA and the Compact in her Complaint. The Court further found that Plaintiff's insistence that she was a visitor who incurred bodily injury and/or property damage at Tribal Defendants' casinos, "so as to fall under the waiver of tribal sovereign immunity and consent to state court" as contemplated under the Compact is inapposite, as the relevant question is not whether personal injury claims against Tribal Defendants can be adjudicated in state court, but rather whether the Defendants' alleged conduct, which underlies Plaintiff's tort claims, present a question of federal law. This Court expressed its agreement with the Magistrate Judge that, to prove her claims, Plaintiff necessarily will have to demonstrate that Defendants, through their conduct, violated the terms of the IGRA and the Compact.

Finally, as to her third objection, the Court rejected Plaintiff's argument that because the IGRA does not create a federal right of action there can be no federal question here, explaining that this is an incorrect statement of the law. Having overruled Plaintiff's objections, this Court adopted the Magistrate Judge's PFRD and denied Plaintiff's Remand Motion.

Thereafter, on March 6, 2023, Plaintiff filed her instant Certification Motion, asking the Court to certify to the Tenth Circuit for immediate appeal the February 2023 Order. Docs. 45, 46. Defendants oppose Plaintiff's request. Docs. 49, 50. Plaintiff's Certification Motion is now before the Court.

## DISCUSSION

On the instant motion, Plaintiff requests, under 28 U.S.C. § 1292(b), that the Court certify for immediate appeal its denial of her Remand Motion, as set forth in the February 2023 Order. In support of her motion, Plaintiff argues that this Court erroneously determined that a federal

question exists here, and thus erroneously determined that there is federal jurisdiction over this case. As set forth herein, the Court does not find that, under the terms of the statute, the relevant criteria are met for the Court to certify for appeal the February 2023 Order.

I.     Standard

Generally, courts of appeal have jurisdiction of appeals only "from all final decisions of the districts courts of the United States." 28 U.S.C. § 1291. This rule, however, is supplemented by § 1292(b), which gives the district court discretion to certify certain non-final decisions for immediate review. Specifically, under that provision, a district judge may certify for immediate review an interlocutory order (such as an order denying remand) when she is of the opinion that (1) "such order involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The procedure established in § 1292(b) thus "confer[s] on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers County Comm'n,* 514 U.S. 35, 47 (1995).

II.    Instant Case

Plaintiff urges the Court to exercise its discretion under § 1292(b) to certify for immediate review the February 2023 Order, contending that the issue of whether federal question jurisdiction exists as to Plaintiff's state tort claims is a controlling question of law as to which there is a substantial ground for difference of opinion. *See generally* Doc. 46. But what Plaintiff characterizes as a controlling question of law warranting interlocutory review is instead a disagreement over how settled law should be applied to the facts. *Certain Underwriters at Lloyd's*

7

*London, Subscribing to Policy No. 501/NM03ACMB v. Nance*, No. 04-CV-937 JB/WDS, 2006 WL 4109675, at *2 (Aug. 24, 2006).

The controlling law here is that of federal question jurisdiction. Plaintiff does not contend that the legal tenet of federal question jurisdiction is "unsettled." Indeed, she would be hard-pressed to do so. The United States Supreme Court has clearly held that "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting 28 U.S.C. § 1331). The Supreme Court has equally elucidated that, for purposes of § 1331, a case "arise[s] under federal law" not only "when federal law creates the cause of action asserted," *id.*, but also "when a right of action is created by state law, if the claim requires resolution of significant issues of federal law." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 n.9 (2012). The Supreme Court distilled "this unruly doctrine" to a specific inquiry. *Gunn*, 568 U.S. at 258. Thus, in determining whether "arising under" jurisdiction lies "where a claim finds its origins in state rather than federal law," the Supreme Court has directed the district court to ask: "Does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Id.*

In the PFRD, which was adopted by this Court, the Magistrate Judge undertook this very inquiry in determining whether federal question jurisdiction exists over Plaintiff's state-law claims. *See* Doc. 33 at 8. In applying this well-settled law to the facts before it, the Court determined that federal jurisdiction does exist. And it is this determination with which Plaintiff continues to take issue. Indeed, in support of her Certification Motion, Plaintiff reiterates the same

arguments that she made both in support of her Remand Motion and in her objections to the PFRD. *See* Doc. 46 at 3, 5 (arguing that the Court erred in finding that federal question jurisdiction exists under the factual circumstances here, where New Mexico state courts have jurisdiction over claims arising from the waiver and consent provisions of Tribal-State Compacts in New Mexico, and where her state-law tort claims "mere[ly] reference[ the] IGRA"). Doc. 46 at 3, 5.

Plaintiff is correct that the issue of federal question jurisdiction is a question of law. However, "[t]he phrase 'question of law' as used in § 1292(b) does not refer to a particular application of facts to the law, but rather 'has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Nance*, 2006 WL 4109675, at *3. And "[s]uch questions typically involve law that is unsettled." *Id.* It follows that district courts should invoke the § 1292(b) certification mechanism only "when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation." *Id.*

Here, the Court is not unsure what the law is. To the contrary, the legal question presented has been firmly settled by the Supreme Court. Accordingly, Plaintiff has not, and indeed cannot, show that the February 2023 Order implicates "a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Accordingly, her Certification Motion must be denied. *Accord Nance*, 2006 WL 4109675, at *3 (denying certification where the federal court's supplemental jurisdiction, which is not unsettled area of law, was the controlling legal question) (citing *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 168 n.4 (1964) (approving district court's denial of certification when the Supreme Court had previously directly addressed the law in question). If Plaintiff continues to disagree with the Court's application of the law of

9

federal question jurisdiction to the facts, she may take that up on appeal once her claims have been finally adjudicated.

## CONCLUSION

Plaintiff has failed to show that, under the terms of § 1292(b), the required criteria are met for the Court to certify for immediate appeal the February 2023 Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Certification for Immediate Appeal Pursuant to 28 U.S.C. § 1292(B) [Doc. 45] and Plaintiff's Memorandum of Law in Support of Motion for Certification for Immediate Appeal Pursuant to 28 U.S.C. § 1292(B) [Doc. 46] are **DENIED**.

**IT IS FURTHER ORDERED** that: (1) Plaintiff shall file her responses, if any, to Gaming Defendants' Motion to Dismiss [Doc. 9] and Tribal Defendants' Motion to Dismiss [Doc. 19] **no later than May 7, 2024**; and (2) Gaming Defendants and Tribal Defendants shall file their replies, if any, **no later than May 21, 2024**.

DATED this 23rd day of April 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE